IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>THE STATE OF WEST VIRGINIA;<br>and NATALIE E. TENNANT, Secretary of<br>State of the State of West Virginia, in her<br>official capacity,<br><br>    Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 2:14-cv-27456<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

The United States of America alleges:

1.  This action is brought by the Attorney General on behalf of the United States under the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"), 52 U.S.C §§ 20301 *et seq*. UOCAVA requires that absent uniformed services voters and overseas voters ("UOCAVA voters") shall be permitted "to use absentee registration procedures and to vote by absentee ballot in general, special, primary, and runoff elections for Federal office." 52 U.S.C § 20302(a)(1). Further, UOCAVA requires that states transmit validly requested absentee ballots to UOCAVA voters at least 45 days in advance of an election for Federal office, unless the State receives a waiver of that requirement pursuant to the hardship exemption provision in Section 102(g) of UOCAVA. 52 U.S.C § 20302(a)(8) and (g).

2.  The Attorney General is authorized to enforce the provisions of UOCAVA, 52 U.S.C. § 20307, and brings this enforcement action to ensure that West Virginia's absent uniformed services voters and overseas voters ("UOCAVA voters") have sufficient opportunity under

Federal law to receive, mark and return their absentee ballots in time to be counted for the

November 4, 2014 Federal general election.

3.  This Court has jurisdiction pursuant to 52 U.S.C. § 20307 and 28 U.S.C. §§ 1345 and

2201.

4.  Defendant State of West Virginia (the "State") is responsible for complying with

UOCAVA and ensuring that validly-requested absentee ballots are transmitted to UOCAVA

voters in accordance with the statute's terms.  52 U.S.C § 20307.

5.  Defendant Natalie E. Tennant is the West Virginia Secretary of State and is sued in her

official capacity.  The West Virginia Secretary of State is the chief election official of the state

and has authority under the West Virginia Code, §3-1A-6, to issue orders and promulgate

legislative rules.  With regard to absentee voting, the Secretary of State "shall make, amend and

rescind rules, regulations, orders and instructions, and prescribe forms, lists and records, and

consolidation of forms, lists and records as may be necessary to carry out the policy of the

Legislature . . . as may be necessary to provide for an effective, efficient and orderly

administration of the absentee voter law [of West Virginia]."  W. Va. Code § 3-3-12.

6.  Section 102(a)(8)(A) of UOCAVA requires that states transmit validly requested ballots

to UOCAVA voters not later than 45 days before an election for Federal office when the request

is received at least 45 days before the election, unless a waiver is granted pursuant to Section

102(g) of UOCAVA.  52 U.S.C §§ 20302(a)(8)(A) & (g).

7.  States can be exempted from the requirement to transmit ballots 45 days in advance of a

Federal election if they apply for, and are granted, a waiver from the Presidential Designee for

UOCAVA, the Secretary of Defense.  52 U.S.C. § 20302(g).

8.    The deadline for transmission of absentee ballots to UOCAVA voters who requested them at least 45 days before the November 4, 2014 Federal general election was September 20, 2014.

9.    On September 22, 2014, a petition for writ of mandamus was filed seeking to require the State Election Commission and the Secretary of State to allow a candidate for the West Virginia State House of Delegates District 35 to be placed on the November 4, 2014 ballot to replace one of the incumbent delegates who withdrew from the race.  On October 1, 2014, the West Virginia Supreme Court of Appeals ordered the replacement candidate's name to be added to the ballot and corrected ballots to be transmitted to all absentee voters in that district, including the UOCAVA voters to whom ballots had already been transmitted on or before September 20, 2014.  *See State ex rel. McDavid, et al. v. Tennant, et al.*, No. 14-0939 (W. Va. Oct. 1, 2014).

10.   On October 1, 2014, the State applied for a waiver pursuant to Section 102(g) of UOCAVA.  52 U.S.C. § 20302(g).  By letter dated October 3, 2014, prior to the statutory deadline for issuing a determination on the waiver application under 52 U.S.C. § 20302(g)(3), the State withdrew its request for a waiver.

11.   On October 3, 2014, the 32nd day before the November 4, 2014 Federal general election, corrected ballots were transmitted to all of the UOCAVA voters in State House of Delegates District 35 to whom the original ballots had been transmitted on or before the UOCAVA transmission deadline of September 20, 2014.

12.   Under West Virginia law, ballots returned by UOCAVA voters electronically must be received by the close of the polls on Election Day to be counted.  *See* W. Va. Code § 3-3-5(i).  UOCAVA ballots returned by mail can be counted if they are received by the time the local board of canvassers convenes to begin the canvass on the 5th day following Election Day,

excluding Sundays.  *See* W. Va. Code §§ 3-3-5(h) and 3-6-9(a)(1).  Accordingly, for the

November 4, 2014 Federal general election, the corrected ballots returned by mail from

UOCAVA voters must be received by November 10, 2014, which is 38 days after the date of

transmittal of the corrected ballots, in order to be counted.

    13.   On October 10, 2014, the State again applied for a waiver pursuant to Section 102(g) of

UOCAVA.  52 U.S.C. § 20302(g).  On October 20, 2014, the Department of Defense, pursuant

to its statutory authority, denied the State's application for a waiver pursuant to Section

102(g)(2).

    14.   The failure by the State either to obtain a waiver or to transmit final absentee ballots to

UOCAVA voters in State Delegate District 35 by the 45th day before the November 4, 2014

Federal general election constitutes a violation of Section 102(a)(8)(A) of UOCAVA.

    15.   An order of this Court is now necessary to require Defendants to take corrective action to

protect the rights granted by UOCAVA and to ensure that affected UOCAVA voters in State

Delegate District 35 have sufficient opportunity to receive, mark, and submit their ballots in time

to have them counted for the November 4, 2014 general election for Federal office.

    WHEREFORE, the United States asks this Court to hear this action pursuant to 52 U.S.C.

§ 20307 and 28 U.S.C. §§ 1345 and 2201, and:

    (1)    Issue a declaratory judgment under 28 U.S.C. § 2201 that the failure of

    Defendants to ensure that absentee ballots are transmitted to UOCAVA voters at

    least 45 days in advance of the November 4, 2014 general election for Federal

    office violates 52 U.S.C § 20302(a)(8)(A); and

    (2)    Issue injunctive relief ordering the Defendants, their agents and successors in

    office, and all persons acting in concert with them:

(a)     To take such steps as are necessary to ensure that affected UOCAVA

        voters in State Delegate District 35 have sufficient opportunity in

        accordance with UOCAVA to receive, mark, and return their ballots in

        time to have them counted for the November 4, 2014 Federal general

        election;

(b)     To take steps as are necessary to afford affected UOCAVA voters an

        opportunity to learn of this Court's order; and

(c)     To provide reports to the United States and the Court concerning the

        transmission, receipt, and counting of  UOCAVA ballots for the

        November 4, 2014, Federal general election pursuant to this Court's order.

The United States further asks this Court to order such other relief as the interests of

justice may require, together with the costs and disbursements of this action.

For the Plaintiff United States of America:

R. BOOTH GOODWIN II
United States Attorney
Southern District of West Virginia

VANITA GUPTA
Acting Assistant Attorney General
Civil Rights Division


By: /s/ *Gary L. Call*
GARY L. CALL
Assistant United States Attorney
WV State Bar No. 589
P.O. Box 1713
Charleston, WV  25326
Telephone:  (304) 345-2200
Facsimile:   (304) 347-5400
gary.call@usdoj.gov

*/s/ Spencer R. Fisher*
T. CHRISTIAN HERREN, JR.
SARABETH DONOVAN
SPENCER R. FISHER
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Telephone:  (202) 305-0015
Facsimile:  (202) 307-3961
spencer.fisher@usdoj.gov
sarabeth.donovan@usdoj.gov