IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

UNITED STATES OF AMERICA,         )
                                                   )
                 Plaintiff,         )
                                                   )     Civil Action No. 2:14-cv-27456
        v.                           )
                                                 )
THE STATE OF WEST VIRGINIA;    )
and NATALIE E. TENNANT, Secretary of   )
State of the State of West Virginia, in her   )
official capacity,         )
                                                 )
               Defendants.       )
_____)

**CONSENT DECREE**

Plaintiff United States of America initiated this action against the State of West Virginia ("State"); and Natalie Tennant, the Secretary of State of West Virginia, in their official capacities (collectively "Defendants"), to enforce the requirements of the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"). 52 U.S.C. § 20301 *et seq.* The United States' Complaint alleges a violation of UOCAVA arising from the Defendants' failure to transmit the final absentee ballots to some of West Virginia's absent uniformed services voters and overseas voters ("UOCAVA voters") by the 45th day before the November 4, 2014 Federal general election, as required by Section 102(a)(8)(A) of UOCAVA or to receive a waiver of that requirement pursuant to the hardship exemption provision in Section 102(g) of UOCAVA ("waiver"). 52 U.S.C. § 20302(a)(8) and (g).

The United States and Defendants, through their respective counsel, have conferred and agree to a partial settlement of this action without the delay and expense of litigation. The parties share the goal of providing affected UOCAVA voters with sufficient opportunity under

1

Federal law to receive, cast and have their absentee ballots counted in the November 4, 2014 Federal general election. The parties have negotiated in good faith and agree to the entry of this Consent Decree as an appropriate partial resolution of the UOCAVA violation alleged by the United States. Accordingly, the United States and Defendants stipulate and agree that:

1. This action is brought by the Attorney General on behalf of the United States under UOCAVA. 52 U.S.C. § 20301 *et seq.* UOCAVA provides that UOCAVA voters shall be permitted "to use absentee registration procedures and to vote by absentee ballot in general, special, primary, and runoff elections for Federal office." 52 U.S.C. § 20302.

2. The Attorney General is authorized to enforce the provisions of UOCAVA, 52 U.S.C. § 20307, and this Court has jurisdiction of this action pursuant to 52 U.S.C. § 20307 and 28 U.S.C. §§ 1345 and 2201.

3. Defendant State of West Virginia is responsible for complying with UOCAVA and ensuring that validly requested absentee ballots are transmitted to UOCAVA voters in accordance with the statute's terms. 52 U.S.C. § 20307.

4. Defendant Natalie E. Tennant is the West Virginia Secretary of State and is sued in her official capacity. The West Virginia Secretary of State is the chief election official of the state and has authority under the West Virginia Code, § 3-1A-6, to issue orders and promulgate legislative rules. With regard to absentee voting, the Secretary of State "shall make, amend and rescind rules, regulations, orders and instructions, and prescribe forms, lists and records, and consolidation of forms, lists and records as may be necessary to carry out the policy of the Legislature . . . as may be necessary to provide for an effective, efficient and orderly administration of the absentee voter law [of West Virginia]." W. Va. Code § 3-3-12.

5. Section 102(a)(8)(A) of UOCAVA requires that states transmit validly requested ballots to UOCAVA voters not later than 45 days before an election for Federal office when the request is received at least 45 days before the election, unless a waiver is granted pursuant to Section 102(g) of UOCAVA. 52 U.S.C. § 20302(a)(8)(A) and (g). An "election" for "federal office" is defined as an election for "the office of President or Vice President, or of Senator or Representative in, or Delegate or Resident Commissioner to, the Congress." 52 U.S.C. § 30101(1), (3).

6. States can be exempted from the requirement to transmit ballots 45 days in advance of a Federal election if they apply for, and are granted, a waiver from the Presidential Designee for UOCAVA, the Secretary of Defense. 52 U.S.C. § 20302(g).

7. The deadline for transmission of absentee ballots to UOCAVA voters who requested them at least 45 days before the November 4, 2014 Federal general election was September 20, 2014.

8. On September 22, 2014, a petition for writ of mandamus was filed with the West Virginia Supreme Court of Appeals seeking to require the State Election Commission to allow the Kanawha County Republican Executive Committee to fill the ballot vacancy created by the withdrawal of a candidate. On October 1, 2014, the West Virginia Supreme Court of Appeals ordered the replacement candidate's name be added to the ballot and corrected ballots to be transmitted to all absentee voters in that district, including the UOCAVA voters to whom ballots had already been transmitted on or before September 20, 2014. *See State ex rel. McDavid, et al. v. Tennant, et al.*, No. 14-0939 (W. Va. Oct. 1, 2014).

9. On October 3, 2014, the 32nd day before the November 4, 2014 Federal general election, corrected ballots were transmitted to all of the UOCAVA voters in State House of

Delegates District 35 to whom the original ballots had been transmitted on or before the UOCAVA transmission deadline of September 20, 2014. Corrected ballots were transmitted to affected UOCAVA voters either electronically or by postal mail based on the voters' preferred transmittal method. The ballots to those UOCAVA voters requesting mail delivery to an overseas address were transmitted by express mail along with a postage prepaid express mail envelope for return delivery. All affected UOCAVA voters were provided the option to return their ballots by email, facsimile or express or overnight mail with the return postage prepaid, regardless of their previously requested transmittal method. Further, election officials attempted to contact all affected UOCAVA voters to ensure that they had received the corrected ballot and no impediments exist for a timely return of the ballot. Not all UOCAVA voters, however, have acknowledged election officials' attempts to contact them and some have returned only the original ballots as of the filing of this Decree.

10. Under West Virginia law, ballots returned by UOCAVA voters electronically must be received by the close of the polls on Election Day to be counted. *See* W. Va. Code § 3-3-5(i). UOCAVA ballots returned by mail can be counted if they are received by the time the local board of canvassers convenes to begin the canvass on the 5th day following Election Day, excluding Sundays. *See* W. Va. Code §§ 3-3-5(h) and 3-6-9(a)(1). Accordingly, for the November 4, 2014 Federal general election, the corrected ballots returned by mail from UOCAVA voters must be received by November 10, 2014, which is 38 days after the date of transmittal of the corrected ballots, in order to be counted.

11. On October 10, 2014, the State applied for a waiver pursuant to Section 102(g) of UOCAVA. 52 U.S.C. § 20302(g). On October 20, 2014, the Department of Defense, pursuant to its statutory authority, denied the State's application for a waiver pursuant to Section

102(g)(2). *See* Ex. 1 (Letter from Jessica L. Wright (Under Secretary of Defense for Personnel and Readiness) to The Honorable Natalie Tennant (Oct. 20, 2014) (with enclosure)).

12. The failure by the State either to obtain a waiver or to transmit the final absentee ballots to UOCAVA voters in State Delegate District 35 by the 45th day before the November 4, 2014 Federal general election constitutes a violation of Section 102(a)(8)(A) of UOCAVA.

13. To avoid the burdens, delays and uncertainties of litigation the parties agree that this Court should enter an order: (1) extending the ballot receipt deadline for the corrected UOCAVA ballots and any Federal Write-In Absentee Ballots returned by mail from affected UOCAVA voters in State Delegate District 35 to November 17, 2014; and (2) requiring the State to provide notice to the affected UOCAVA voters of the extended receipt deadline for mailed ballots.

14. The parties agree that this Consent Decree applies only to the ballots cast in the elections for Federal office for the November 4, 2014 Federal general election, and has no application whatsoever on the votes cast in the state and local elections held on November 4, 2014. Nothing in this Consent Decree shall be construed as imposing any obligation on Defendants with regard to the state and local elections held on November 4, 2014.

WHEREFORE, the parties having freely given their consent, and the terms of the Decree being fair, reasonable, and consistent with the requirements of UOCAVA, it is hereby ORDERED, ADJUDGED, and DECREED by the Court that:

(1) To ensure that affected UOCAVA voters in State Delegate District 35 will have an opportunity to receive corrected absentee ballots and to submit marked corrected absentee ballots in time to be counted in elections for Federal office for the November 4, 2014 Federal general

election, the Secretary of State shall issue an Order directing the Kanawha County Commission to count: all those votes for Federal office, as defined by paragraph (5) of the stipulations above, contained on corrected UOCAVA ballots transmitted on October 3, 2014 to affected voters in State Delegate District 35, and all those votes for Federal office, as defined by paragraph (5) of the stipulations above, contained on any Federal Write-In Absentee Ballots returned by such voters by postal or express mail that are received after the State's ballot receipt deadline of November 10, 2014, provided they are executed on or before November 4, 2014 and received by November 17, 2014, or returned by email or facsimile by November 4, 2014, and are otherwise valid under State law. Election results for the November 4, 2014 Federal general election may be formally certified pursuant to the state law deadline if the number of outstanding corrected absentee ballots from affected UOCAVA voters in State Delegate District 35 could not mathematically alter the outcome of the election, subject to amendment or re-certification to add any votes from ballots accepted in accordance with this Court's Order;

(2) Defendants shall take such steps as are necessary to afford affected UOCAVA voters an opportunity to learn of this Court's order and to ensure that all affected UOCAVA voters in State Delegate District 35 receive appropriate instructions explaining ballot return deadlines and the options and procedures for returning a corrected ballot.

Defendants shall provide such notice to UOCAVA voters who have not yet returned a corrected ballot using the individualized means of voter contact obtained and previously employed since the State's transmission of corrected ballots on October 3, 2014. Such notice shall, at minimum explain the relevant deadlines for executing and returning all corrected ballots by postal mail, email, and telefacsimile and ask UOCAVA voters to acknowledge receipt of the notice. *See* Ex. 2 Notice to Affected UOCAVA Voters.

(3) The Defendants shall provide a report no later than November 4, 2014 in an agreed upon format to the United States Department of Justice, confirming that each affected UOCAVA voter has been provided the individualized notice described in paragraph (2) above, explaining the method of notice given to each UOCAVA voter, and the form of acknowledgement of receipt of such notice. If all affected voters have not been contacted by that date, Defendants shall continue to attempt to contact such voters and shall continue to report results to the United States on an agreed upon schedule. All reports provided pursuant to this paragraph shall include the number of UOCAVA voters who have returned original UOCAVA ballots, the number of voters who have returned corrected UOCAVA ballots, and the number of voters who have not returned either the original or the corrected ballot; and

(4) Defendants shall file a report with this Court no later than December 15, 2014, in a format agreed upon by the parties, concerning the number of affected UOCAVA ballots received and counted for the November 4, 2014 Federal general election.

The Court shall retain jurisdiction over this action to enter such further relief as may be necessary for the effectuation of the terms of this Consent Decree or of UOCAVA. In particular, the Court shall retain jurisdiction to consider entry of any supplemental relief sought by the United States with regard to the counting of votes in elections for Federal office contained on an original ballot from a UOCAVA voter, if that ballot is the only ballot returned by that voter, if the Court determines such supplemental relief is appropriate.

The undersigned agree to entry of this Consent Decree:

For the Plaintiff United States of America:

R. BOOTH GOODWIN II
United States Attorney

By: /s/ Gary L. Call
GARY L. CALL
Assistant United States Attorney
WV State Bar No. 589
P.O. Box 1713
Charleston, WV 25326
Telephone:   (304) 345-2200
Facsimile:   (304) 347-5440
gary.call@usdoj.gov

VANITA GUPTA
Acting Assistant Attorney General
Civil Rights Division

/s/ Spencer R. Fisher
T. CHRISTIAN HERREN, JR.
SARABETH DONOVAN
SPENCER R. FISHER
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Telephone:   (202) 305-0015
Facsimile:   (202) 307-3961
spencer.fisher@usdoj.gov
sarabeth.donovan@usdoj.gov

Date: November 3, 2014

For the Defendants State of West Virginia, *et al.*:

PATRICK MORRISEY
Attorney General of West Virginia

/s/ *Richard R. Heath, Jr.*
RICHARD R. HEATH, JR.
Deputy Attorney General
J. ZAK RITCHIE
Assistant Attorney General
State Capitol Complex
Bldg. 1, Room E-26
Charleston, WV 25305
Tel. (304) 558-2021
Fax (304) 558-0140
richie.r.heath@wvago.gov
**Counsel for the State**

/s/ *Misha Tseytlin*
MISHA TSEYTLIN
Deputy Attorney General
JENNIFER S. GREENLIEF
Assistant Attorney General
State Capitol Complex
Bldg. 1, Room E-26
Charleston, WV 25305
Tel. (304) 558-2021
Fax (304) 558-0140
Misha.Tseytlin@wvago.gov
**Counsel for Natalie E. Tennant, Secretary of State of the State of West Virginia**

Date: November 3, 2014

SO ORDERED this <u>3rd</u> day of <u>   November   </u>, 2014.

/s/ John T. Copenhaver, Jr.
John T. Copenhaver, Jr.
United States District Judge