IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE STATE OF WEST VIRGINIA; )<br>and NATALIE E. TENNANT, Secretary of )<br>State of the State of West Virginia, in her )<br>official capacity, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 2:14-cv-27456 |

## RESPONSE OF DEFENDANT SECRETARY OF STATE TO UNITED STATES' MOTION FOR EMERGENCY SUPPLEMENTAL INJUNCTIVE RELIEF

The United States has filed a motion seeking an order from this Court requiring Defendants to order that the Kanawha County Commission count the absentee ballots of overseas and military voters cast in the recent federal elections, on the ballot sent to them on September 19, 2014 ("Original Ballot"), where those overseas and military voters did not also return a corrected ballot sent to them on October 3, 2014 ("Corrected Ballot").  At this time, the requested relief impacts the counting of Original Ballots cast by three overseas and military voters.

This requested relief is complicated greatly by a Writ issued by the West Virginia Supreme Court of Appeals ("WVSCA") against the Secretary of State.  That Writ, as originally issued, could be interpreted to prohibit the counting of *any* Original Ballots, including the votes cast in the federal elections.  When the Secretary moved to have the WVSCA clarify that its Writ did not require this result with regard to the votes cast in federal elections, the WVSCA promptly refused the Secretary's motion.  After due consideration, the Secretary interprets that denial by

the WVSCA as an affirmative indication that the WVSCA intends its Writ to prohibit the counting of *any* votes cast on *any* Original Ballot. While the Secretary wishes to have the ballots of overseas and military voters counted—and even entered into a proposed consent decree that would have required such a result, conditioned upon an order from the WVSCA clarifying that its Writ did not prohibit that action—the WVSCA's indication that *no* Original Ballots can be counted ties the Secretary's hands. The Secretary thus takes no position on the present motion.

**FACTUAL BACKGROUND**

I. **The WVSCA Orders The Secretary Of State To Send New Ballots To All Absentee Voters, In Order To Reflect A New Candidate In A Local Election**

On September 22, 2014, Marie McDavid and the Kanawha County Republican Executive Committee (collectively, "Petitioners") petitioned the WVSCA for a Writ of Mandamus to be issued against the State Election Commission and its members, including Secretary of State Natalie E. Tennant. Exh. A. Petitioners sought a "Mandamus Writ compelling [Respondents] to permit the Petitioners to fill the vacancy of the nomination of Del. Suzette Raines with Petitioner McDavid" in the House of Delegates race in the 35th House District. *Id*. at 16. Further, Petitioners asked that absentee voters be informed that the first ballots mailed, which did not include Petitioner McDavid as a candidate, are void. *Id.*

In its brief in opposition to the Petition, the Secretary of State argued, in relevant part, that Petitioners had unnecessarily delayed their filing of their petition, and that this delay would lead to the disenfranchisement of overseas and military voters were the Writ to be granted. Specifically, Secretary of State advised the WVSCA that, "if the court were to grant the relief requested by Petitioners, any replacement ballot transmitted would not be in compliance with the deadline and would violate federal law." Exh. B at 26. Further, Respondents pointed out that

"the relief requested by Petitioners would result in the effective disenfranchisement of military and overseas voters." *Id*.

On October 1, 2014, the WVSCA issued a Memorandum Decision holding that the State Election Commission ("SEC") erred in refusing the request to replace withdrawn candidate Raines' name on the ballot with that of Petitioner McDavid. *See State ex rel. McDavid, et al. v. Tennant, et al.*, Case No. 14-0939 (Oct. 1, 2014) (attached as Exh. C). The WVSCA granted the requested Writ, explaining that the "Republican Committee's requested Writ of mandamus is hereby granted," and adding that "the Secretary of State and the State Election Commission are hereby ordered to allow the Republican Committee to appoint Ms. McDavid as their candidate to fill the vacancy on the November 2014 General Election Ballot occasioned by the withdrawal of Delegate Raines and to certify the candidate so appointed." *Id*. at 10 (emphasis added).

## II. The Secretary Of State Takes All Necessary And Appropriate Steps To Comply With Both The WVSCA'S Writ And Federal Law

The Secretary of State, to the fullest extent of her authority, has taken all steps necessary and appropriate to comply fully with the WVSCA's Writ. Petitioner McDavid was certified as a candidate, Corrected Ballots were prepared and approved, and copies of those Corrected Ballots were sent out to all absentee voters as of October 3, 2014. The Secretary of State also offered a variety of options to ensure that the uniformed and overseas civilian voters' Corrected Ballots were received in time to be counted, including offering complimentary express shipping, in addition to other methods (such as electronic mail and facsimile) already available to such voters. Further, the Secretary of State has engaged in diligent efforts to communicate with these voters to ensure that they are aware of the need to return the Corrected Ballot.

To come into compliance with Federal Law, the Secretary applied for "an undue hardship waiver under the *Uniformed and Overseas Citizens Absentee Voting Act (UOCAVA)* for the

3

November 4, 2014, General Election for Federal office." Exh. D at 1. That waiver sought relief from the State's compliance with UOCAVA's requirements. The Under Secretary of Defense denied the waiver request on October 20, 2014, explaining, in relevant part,

> We have also considered whether *UOCAVA* voters will have a reasonable opportunity for their votes to be counted, at least for the Federal elections, on the original ballots that were timely transmitted under *UOCAVA* prior to the West Virginia Supreme Court of Appeals' order. West Virginia has not supplied us with any authority under State law, particularly in light of the court's order, that provides certainty that those votes cast on the original ballots would be successfully counted if the *UOCAVA* voters' new ballots are not received in time to be counted. Accordingly, based on the information West Virginia has provided, it remains unclear whether *UOCAVA* voters would be disenfranchised if only the original, timely-transmitted, ballots are returned by the State's ballot receipt deadline.

*Id*. at 5. Simply put, the Under Secretary of Defense refused to grant the waiver from UOCAVA's 45-day-before-the-election deadline because, at least in part, of his concern that uniformed and overseas military voters who cast only an Original Ballot, but failed to cast a Corrected Ballot, may not have their votes counted in the two federal races on November 4, 2014 ballot.

### III. The WVSCA Denies The Secretary Of State's Motion To Clarify That The Writ Does Not Prohibit The Counting Of Original Ballots In The Federal Election Where No Corrected Ballot Is Received From The Voter

On October 24, 2014, the U.S. Department of Justice sent a letter to the Secretary of State, indicating its intention to pursue legal action against the State of West Virginia for violations of UOCAVA, 52 U.S.C. § 20301 *et seq*. *See* Exh. E. The Secretary thereafter filed an Unopposed Emergency Motion for Clarification of Scope of Writ of Mandamus with the WVSCA. Exh. F. The Motion asked whether the WVSCA's Writ prohibited the counting of votes in the federal elections on the Original Ballots, where no Corrected Ballot is received. The Secretary noted her intent "to act in conformity with the Court's Writ," while indicating a desire

4

to "ensur[e] that the State does not run afoul of federal law based on the manner in which it handles [Original] Ballots, where no [Corrected] Ballot was received with respect to votes cast for federal offices by uniformed and overseas military voters." *Id*. at 5. The Emergency Motion was unopposed by any party, as both Petitioners and Intervenor, West Virginia State Democratic Executive Committee, expressed that they had no objection to the counting of these votes.

The WVSCA then issued an order inviting responses from the parties, and also invited a response from the Kanawha County Commission, "[i]nsofar as this matter involves an ongoing election being conducted by officials in Kanawha County." Exh. G. Only the Kanawha County Commission responded, and took a broad position that *all* votes on Original Ballots—including votes in the federal, state and local races—should be counted, where no Corrected Ballot has been returned by the voter. Exh. H. The Commission argued that, when Corrected Ballots were not received, a presumption was appropriately drawn that the voter did not intend to submit a Corrected Ballot, arguing that "the voters' intent can easily be gleaned from the fact that a [corrected] ballot was not submitted." *Id*. at 5.

On October 31, 2014, the WVSCA declined to grant the Secretary of State's Unopposed Emergency Motion without explanation. Exh. I. The Secretary of State views the WVSCA's refusal of its Emergency Motion for Clarification as confirmation that the Writ prohibits the counting of *any* First Ballots under State law. Therefore, the Secretary of State has issued an Order to the Board of Canvassers of Kanawha County directing them, "as mandated by the West Virginia Supreme Court of Appeals," to not count "any first ballot in any federal, state or county election on the ballot." Exh. J. The e-mail transmitting this Order to the Board of Canvassers noted that "[l]itigation remains pending in Federal Court and a possibility exists that the Federal

5

Court may direct us to disobey the WVSCA mandate in so far as it relates to the two federal elections." Exh. K.

### IV. The Secretary Of State Agrees To A Consent Decree With The United States And The Elections Takes Place

While the Emergency Motion was pending, the parties negotiated the terms of a consent decree to be filed with the Court. On October 31, 2014, prior to receipt of notice that WVSCA had refused the Emergency Motion for Clarification, the parties filed a Joint Motion for Entry of Consent Decree, which settled almost all issues in this case arising out of the violations of UOCAVA, 52 U.S.C. § 20301 *et seq*. created by the need to issue Corrected Ballots. Dkt.2. With respect to Original/Corrected Ballots issue, however, the Secretary could not agree to the United States' request that the Secretary order the Kanawha County Commission to count federal election votes cast on Original Ballots where no Corrected Ballot had been returned, unless the WVSCA clarified that such an order would not violate the *McDavid* Writ. The parties thus included language in the proposed consent decree that "explicitly conditioned" the agreement to count federal votes in Original Ballots where no Corrected Ballot is returned upon the entry of an order by WVSCA "confirming that the scope of the Writ of mandamus issued in that case does not prohibit the counting of votes cast by UOCAVA voters for federal offices on the original UOCAVA ballots, if that ballot is the only ballot returned by the UOCAVA voter." Dkt. 2-1. Following the denial of the Secretary of State's Unopposed Emergency Motion, the parties proposed a modified consent decree, which specifically left open the First/Corrected Ballot issue. This Court entered that modified consent decree on November 3, 2014. Dkt. 5.

The election took place on November 4, 2014. With respect to the election for the United States Senate, current estimates place the margin between the top two candidates at

approximately 124,455 votes. For the federal Second Congressional District race, the estimated margin between the top two candidates currently sits at 4,913 votes.[1]

Only thirty UOCAVA voters requested absentee ballots in the 35th House District for the November 4, 2014 election. Eighteen voters have now returned Corrected Ballots. Only three voters returned Original Ballots and then subsequently failed to return a Corrected Ballot. Two of the three absentee voters have expressed to the Secretary that they do not intend to return a Corrected Ballot.

## ARGUMENT

The Secretary of State wants all overseas and military voters who cast ballots in the November 4, 2014 elections (federal, state and local) to have their votes counted. The Secretary argued this point to the WVSCA in opposing the issuance of the *McDavid* Writ. After the Writ issued, the Secretary then sought clarification from the WVSCA as to the meaning of its Writ, requesting an order clarifying that the Writ at least did not intend to prohibit the counting of Original Ballots cast by overseas and military voters in federal elections, where no Corrected Ballot has been returned. The WVSCA denied that requested clarification without explanation.

Having been rebuffed twice by the WVSCA, the Secretary is unable to take a position as to whether the order the United States requests here should be issued as a matter of federal law.

---

[1] http://apps.sos.wv.gov/elections/results/results.aspx?year=2014&eid=21&county=Statewide (last visited November 7, 2014, 11:26AM).

Dated: November 7, 2014          Respectfully submitted,

                                             /s/ Misha Tseytlin
                                             Misha Tseytlin
                                               Deputy Attorney General
                                             Jennifer S. Greenlief
                                               Assistant Attorney General
                                             State Capitol Building 1, Room 26-E
                                             Tel. (304) 558-2021
                                             Fax (304) 558-0140
                                             Email: Misha.Tseytlin@wvago.gov
                                             ***Counsel for Natalie E. Tennant, Secretary of State of the State of West Virginia***

8

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE STATE OF WEST VIRGINIA; )<br>and NATALIE E. TENNANT, Secretary of )<br>State of the State of West Virginia, in her )<br>official capacity, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 2:14-cv-27456 |

# CERTIFICATE OF SERVICE

I certify that on this 7th day of November, 2014, a copy of the foregoing *Response of Defendant Secretary Of State To United States' Motion For Emergency Supplemental Injunctive Relief* was served electronically through the Court's CM/ECF system on all registered counsel.

    /s/ Misha Tseytlin
    Misha Tseytlin