IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE STATE OF WEST VIRGINIA; )<br>and NATALIE E. TENNANT, Secretary of )<br>State of the State of West Virginia, in her )<br>official capacity, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 2:14-cv-27456 |

### RESPONSE OF DEFENDANT SECRETARY OF STATE
### TO UNITED STATES' BRIEF ON THE MERITS

Under the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"), "States are specifically responsible for transmitting absentee ballots to 'absent uniformed service voter[s] or overseas voter[s] . . . not later than 45 days before the election,' provided that the voter requests the ballot at least 45 days before the election." ECF No. 10, at 2 (quoting 52 U.S.C. § 20302(a)(8)(A)). In this case, all UOCAVA voters have now been afforded the statutorily-required 45 days to cast their federal votes on the Corrected Ballots, pursuant to a Consent Decree entered by the Court. ECF No. 5.

The remaining question here presents an issue of first impression: whether the 45 day period provided to UOCAVA voters under the Consent Decree is still statutorily insufficient because it was unclear to those voters—throughout much of that 45 day period—whether they had the option of casting *only* Original Ballots. The Secretary of State continues to believe that all voters who cast only Original Ballots should have their votes counted, as evidenced by her Motion for Clarification filed with the West Virginia Supreme Court of Appeals ("WVSCA"),

and by the arguments the Secretary presented to the WVSCA. However, the WVSCA rejected these argument, thus tying the Secretary's hands because the WVSCA's Writ directly binds the Secretary. Whether this unique scenario—which no court appears to have opined upon—violates federal law is a question on which the Secretary can take no position.

Although the Secretary agrees generally with the recitation of facts presented by the United States, clarification of the chronology of events will help elucidate the unique issues involved. Whether Original Ballots would be counted in the 2014 Federal general election was unclear throughout October 2014. In *State ex rel. McDavid, et al. v. Tennant, et al.,* No. 14-0939, 2014 WL 4922641 (W. Va. Oct. 1, 2014), the WVSCA granted the requested Writ, which thereby necessitated that Corrected Ballots be sent to all absentee voters. The WVSCA, however, did not specify how Original Ballots were to be handled, including what should be done when a voter returns *only* an Original Ballot, but not a Corrected Ballot. Dkt. 10, at 3 ("The court's opinion did not specifically address whether the original ballots were to be considered void but, as noted, the writ was granted."). The Kanawha County Commission ("Commission")—which was not a party to the *McDavid* case, and is not a party here—is statutorily authorized to oversee elections and counting ballots cast under West Virginia Law. *See, e.g.*, W. Va. Code §§ 3-1-19, 3-5-17, 3-6-9. On or about October 3, 2014, the Commission advised the Secretary of State that it intended to count all votes cast on Original Ballots, when no Corrected Ballot was received. ECF No. 14 at ¶ 15. It was not until the WVSCA denied the Secretary of State's motion to clarify the scope of the *McDavid* writ—which denial was entered on October 30, but not conveyed to the Secretary on that date—that it become clear that the Commission's ruling was illegal and that the WVSCA had prohibited the counting of *any* Original Ballots. ECF No. 14 at ¶¶ 23, 25.

Throughout October 2014, the Secretary repeatedly and diligently communicated with the affected UOCAVA voters about the need to return the Corrected Ballot. *See* ECF No. 14 ¶¶ 34-44. During these communications, the Secretary offered a variety of options to ensure that the Corrected Ballots were received in time to be counted, including offering complimentary express shipping, in addition to other methods (such as e-mail and facsimile) already available. ECF No. 14 ¶ 38. As the United States has pointed out, however, those October 2014 communications never informed UOCAVA voters that they <u>must</u> return the Corrected Ballot to have their vote counted. ECF No. 17 at 4-6. This was because, again, the issue of the counting of Original Ballots remained in doubt until the end of October. On November 3, 2014, once the WVSCA settled that issue by denying the Secretary's motion for clarification, the Secretary promptly informed all UOCAVA voters—including the four voters who remain the subject of this action—that they <u>must</u> cast Corrected Ballots to have their votes counted. ECF Nos. 5-2 and 14 at ¶¶ 45, 46.

As noted above, the situation that has occurred here appears to be unique. The United States fails to identify any case in which a court ordered the counting of Original Ballots under UOCAVA, based upon an uncertainty during the statutorily-required 45 period as to whether the voters may cast only Original Ballots. ECF No. 17 at 13-16. The United States also cites no case to support its apparent view that Original Ballots must always be counted, even if it had been clear for more than 45 days that only Corrected Ballots remain valid. ECF No. 17 at 10-13. The Secretary's independent research has similarly revealed no UOCAVA case law on point.

The Secretary took all reasonable steps to ensure that UOCAVA voters were aware of the situation created by the *McDavid* decision, as well as all measures available to assist voters in the exercise of their fundamental right to vote, all while being constrained by the realities of this

3

difficult situation. As this Court has found, "[f]rom all that appears at this preliminary injunction stage, the state officials have taken such steps as necessary to ensure that affected overseas voters in House District 35 have sufficient opportunity to receive, mark and return ballots for the two federal offices." ECF No. 10 at 8. Whether these diligent efforts still fall short of the requirements of UOCAVA is an issue on which the Secretary can take no position, in light of: (1) her desire to have all votes counted; (2) the WVSCA's decision prohibiting the counting of any Original Ballots; and (3) the lack of relevant federal case law on this issue.

Dated: December 12, 2014              Respectfully submitted,

  /s/ Misha Tseytlin
Misha Tseytlin
  Deputy Attorney General
Jennifer S. Greenlief
  Assistant Attorney General
State Capitol Building 1, Room 26-E
Tel. (304) 558-2021
Fax (304) 558-0140
Email: elbert.lin@wvago.gov
***Counsel for Natalie E. Tennant, Secretary of State of the State of West Virginia***

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:14-cv-27456 |
| v. ) | |
| ) | |
| THE STATE OF WEST VIRGINIA; ) | |
| and NATALIE E. TENNANT, Secretary of ) | |
| State of the State of West Virginia, in her ) | |
| official capacity, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## CERTIFICATE OF SERVICE

I certify that on this 12th day of December, 2014, a copy of the foregoing *Response of Defendant Secretary Of State To United States' Brief on the Merits* was served electronically through the Court's CM/ECF system on all registered counsel.

    /s/ Misha Tseytlin
    Misha Tseytlin