IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF WEST VIRGINIA; and NATALIE E. TENNANT, Secretary of State of the State of West Virginia, in her official capacity,<br><br>Defendants. | ) | Civil Action No. 2:14-cv-27456 |

**UNITED STATES' REPLY BRIEF**

The basic guarantee of the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA") is that voters qualified to vote under its terms, who timely apply for and timely return their ballots, are entitled to have their votes for Federal office counted. 52 U.S.C. § 20302(a) (2012). Defendants do not dispute that the four UOCAVA voters whose right to vote is at issue now timely applied for a ballot and, having received it, timely returned it by election day. That conclusion is sufficient to grant the relief the United States requests.

In their responses to the United States' merits brief, both the State of West Virginia and the Secretary of State stated their desire to have the votes for Federal office on the four original UOCAVA ballots counted in the November 4, 2014 Federal general election. ECF Nos. 18 at 1, 4; 19 at 1. Despite agreement among the parties that these votes *should* count, Defendants profess themselves unable to comply absent an order from this Court. For reasons set out in the United States' opening brief, Defendants' belief is misplaced. But whether Defendants are right or wrong about their inability as a matter of state law to count these ballots, this Court should

issue an order to remedy Defendant's violation of the most fundamental protection of UOCAVA—the right to have one's vote counted. 52 U.S.C. § 20302(a)(1) (2012).

The Secretary's belief that she cannot count the votes for Federal office contained on the original UOCAVA ballots rests upon her interpretation of the Supreme Court of Appeals of West Virginia's denial of her emergency motion for clarification. ECF No. 14 at ¶ 25. The Secretary argues that the Supreme Court of Appeals has prohibited the counting of votes for Federal office contained on original UOCAVA ballots by denying her motion to clarify. ECF No. 18 at 4. As discussed in the United States' opening brief, that argument is without merit. The Federal contests contained on the original UOCAVA ballots were never at issue in the Supreme Court of Appeals' proceedings, and the original and corrected ballots did not differ with respect to those contests for Federal office. The Supreme Court of Appeals denied the Secretary's motion for clarification without comment or further explanation, remaining silent as to the effect its earlier ruling had on the Federal contests on the original UOCAVA ballots. ECF No. 7, Ex. 8. In short, there is simply no reason for the Defendants to refuse to count the votes for the Federal offices contained on the original UOCAVA ballots. And, in any event, if the state court's ruling had somehow created a conflict with UOCAVA's mandate, the Supremacy Clause of the United States Constitution dictates that such a ruling must yield to the right to vote for Federal office that the federal law affords to these voters. *See* ECF No. 17 at 17, 18 (discussing the applicability of the Supremacy Clause).

Furthermore, the most logical inference to be drawn based on the record is that the Secretary's inability to determine the validity of the votes for Federal office contained on the original UOCAVA ballots until very late in the elections process caused affected UOCAVA voters to be ill-informed and confused as to which ballot to return. The Secretary concedes that

"[w]hether Original Ballots would be counted in the 2014 Federal general election was unclear throughout October 2014" and that "the issue of the counting of Original Ballots remained in doubt until the end of October." ECF No. 18 at 3. She also argues that she took "all reasonable steps to ensure that UOCAVA voters were aware of the situation created by the [Supreme Court of Appeals'] decision, as well as all measures available to assist voters in the exercise of their fundamental right to vote." ECF No. 18 at 3. Yet it was not until October 27, 2014, one week before the election, that the Secretary finally sought clarification of the state-law question regarding the validity of the original UOCAVA ballots from the Supreme Court of Appeals. Indeed, it was not until after Election Day—on November 6, 2014—that the Secretary actually instructed Kanawha County not to count votes cast on the original UOCAVA ballots at issue. ECF No. 14 at ¶ 31.

Given the Secretary's own admitted uncertainty concerning the validity of the original UOCAVA ballots during the period immediately prior to the general election, voters could not have known whether their votes cast for Federal offices on original UOCAVA ballots would be counted. By timely requesting and timely returning their original UOCAVA ballots, the four UOCAVA voters at issue did all that Federal law required of them to have their votes counted. For the reasons set forth in the United States' merits brief, ECF No. 17, and herein, the United States respectfully requests that this Court enter judgment against the Defendants for violating UOCAVA, 52 U.S.C. § 20302(a) (2012), and order the Defendants to ensure that the votes for Federal office contained on the four timely requested and timely returned original UOCAVA ballots at issue in this case are counted and included in the vote totals for the November 4, 2014, Federal general election.

Respectfully submitted,

Date: December 18, 2014

R. BOOTH GOODWIN II
United States Attorney

By: /s/ *Gary L. Call*
GARY L. CALL
Assistant United States Attorney
WV State Bar No. 589
P.O. Box 1713
Charleston, WV 25326
Telephone: (304) 345-2200
Facsimile: (304) 347-5440
Washington, D.C. 20530
gary.call@usdoj.gov

VANITA GUPTA
Acting Assistant Attorney General
Civil Rights Division

/s/ *Spencer R. Fisher*
T. CHRISTIAN HERREN, JR.
SARABETH DONOVAN
SPENCER R. FISHER
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Telephone: (202) 305-0015
Facsimile: (202) 307-3961
spencer.fisher@usdoj.gov
sarabeth.donovan@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

RICHARD R. HEATH, JR.
Deputy Attorney General
State Capitol Complex
Bldg. 1, Room E-26
Charleston, WV 25305
Telephone: (304) 558-2021
Facsimile: (304) 558-0140
richie.r.heath@wvago.gov

MISHA TSEYTLIN
Deputy Attorney General
State Capitol Complex
Bldg. 1, Room E-26
Charleston, WV 25305
Telephone: (304) 558-2021
Facsimile: (304) 558-0140
misha.tseytlin@wvago.gov

J. ZAK RITCHIE
Assistant Attorney General
State Capitol Complex
Bldg. 1, Room E-26
Charleston, WV 25305
Telephone: (304) 558-2021
Facsimile: (304) 558-0140
zak.j.ritchie@wvago.gov

JENNIFER S. GREENLIEF
Assistant Attorney General
State Capitol Complex
Bldg. 1, Room E-26
Charleston, WV 25305
Telephone: (304) 558-2021
Facsimile: (304) 558-0140
jennifer.s.greenlief@wvago.gov

/s/ *Spencer R. Fisher*
Spencer R. Fisher